UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY SALVADOR JASPER and CHARISE MERTINA PASCHALL,<br>Plaintiffs,<br>v.<br>CITY OF SAN ANTONIO, et al.,<br>Defendants. | Civ. No. 07-04118 (KSH)<br><br>**OPINION AND ORDER** |

**Katharine S. Hayden, U.S.D.J.**

This matter was opened to the Court upon review of the docket. In their complaint, pro se plaintiffs Anthony Salvador Jasper and Charise Mertina Paschall assert federal civil rights claims under 42 U.S.C. §§ 1981, 1983, and § 1985 against the City of San Antonio, Texas ("the City"), and its Police Department, Mayor's Office, and City Manager's Office (collectively, "the Agencies"). The events from which the allegations arise took place on August 14 and 15, 2005 in or near San Antonio, Texas. The allegations against the City and its Agencies stem from an alleged arrest of plaintiff Jasper for public intoxication during that time.

In their complaint, plaintiffs do not plead venue properly, referring incorrectly to 28 U.S.C. § 1332, which addresses diversity of citizenship and its requirements, rather than 28 U.S.C. § 1391, which concerns venue. (Compl. ¶ 9.) The statutory section setting forth venue grounds for jurisdiction based on a federal question states:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,

>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>   (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  None of the events alleged in the complaint as forming the basis for the action occurred in New Jersey.  (Compl. ¶¶ 17-33.)  So far as the Court can discern, this action's only connections with New Jersey are that plaintiff Jasper is a resident of Newark, New Jersey, and plaintiff Paschall is a native of Newark, and both provide mailing addresses in Newark. (Compl. ¶¶ 2-3.)

With regard to § 1391(b)(1), no defendant resides in the District of New Jersey because defendants are the City and its Agencies, all of which are situated in Texas.  Under § 1391(b)(2), none of the alleged events or omissions giving rise to plaintiffs' claims occurred in the District of New Jersey.  As to § 1391(b)(3), that subsection cannot be applicable because the action may be brought in the Western District of Texas, which encompasses San Antonio.  For these reasons, venue is improper in the District of New Jersey.

Based upon the allegations in the complaint, venue would be proper in the Western District of Texas, San Antonio Division, and, pursuant to 28 U.S.C. § 1406(a), the action will be transferred to that Court.  28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); see also Lafferty v. Gito St. Riel, 495 F.3d 72, 77 (3d Cir. 2007) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962) (emphasizing that federal district courts may transfer--rather than dismiss--cases that plaintiffs initially brought in an improper forum, regardless whether they otherwise have personal jurisdiction)).

Good cause appearing,

**IT IS** on this 14th day of October 2008,

**ORDERED** that the Clerk of Court transfer this action to the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. § 1406(a); and it is further

**ORDERED** that the Clerk of Court mark this matter closed in the District of New Jersey.

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.